# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JAYNELLE BURTON, JAYRECE
TURNBULL, CELESTINE BELSIJGT-
WALTERS,

                    **Plaintiffs,**

**-vs-**                                                  **Case No. 6:10-cv-647-Orl-28DAB**

THE ARBORS AT MAITLAND SUMMIT,
ZOM RESIDENTIAL SERVICES, INC.,
CITY WRECKAGE TOWING AND OR
SERVICES, MAITLAND POLICE
DEPARTMENT,

                    **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **April 26, 2010** |
| _____ | |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

Plaintiff Jaynelle Burton[1] seeks to proceed in this action *in forma pauperis*. In order to proceed this way, Plaintiff must allege a non frivolous cause of action within the limited jurisdiction of the federal courts. Plaintiff's complaint is unclear and, in some respects, ambiguous as to the relief sought and the legal bases for seeking relief.

The gist of the "Complaint"[2] is apparent, however: Plaintiff alleges that her car was wrongfully towed from her former apartment complex, Defendant The Arbors at Maitland Summit. Doc. No. 2. She alleges that her sister – five months later – "finally" called the Maitland Police Department to report the car stolen and missing. Maitland Police told Plaintiff that, according to their investigation, the car was not stolen, it had been towed by the apartment complex, and no stolen vehicle report would be filed. At that point, Plaintiff found out the car had been towed in September 2006 allegedly at the request of the apartment complex. The towing company allegedly sold it at auction to pay off storage liens. Plaintiff also complains of an increase in her rent at the apartment complex. She further alleges that she was inappropriately touched with a "huge rectangle shape air vent cover in her pelvic area" by maintenance employees, for which Maitland Police Department refused to file a report. Doc. No. 2.

Plaintiff cites no federal statute or cause of action. Instead, she alleges:

The plaintiffs in this case are suing, criminally and civilly charging the defendants with wrong doings. That include lease agreement tampering, vehicle theft, sexual assault, emotional and physical distress, and along with other claims of charges [sic].

---

[1]Jaynelle Burton putatively filed suit on behalf of two other individuals, Celestina Belsijgt-Walters and Jayrece Turnbull. Ms. Burton cannot file suit on behalf of others unless she is a member of the Bar. Under the Local Rules, "No person shall be permitted to appear or be heard as counsel for another in any proceeding in this Court unless first admitted to practice in the Court pursuant to this rule." Local Rule 2.01, United States District Court for the Middle District of Florida. Ms. Burton may represent herself *pro se*; however, she may not represent the other individuals, who must each appear on her own behalf or be represented by counsel admitted to practice before this Court

[2]Plaintiff's allegations are filed on a civil rights complaint form designed for prisoners' use. Doc. No. 1. Plaintiff filed a separate "Legal Affidavit/Legal Statement of Facts." Doc. No. 2.

Doc. No. 1 at 8.  She alleges damages in the "billions, trillions, and quadrillion" of dollars.

The Court cannot, on the basis of this complaint, determine whether Plaintiff has stated (or could state) cognizable claims under state law for these matters.  It is obvious, however, that Plaintiff has not raised any *federal* issue that can be heard in this Court.  Plaintiff's remedies must lie, if at all, with the state courts which have general jurisdiction to hear tort and contract cases.

It is recommended that Plaintiff's application be denied and that the action be dismissed if Plaintiff fails to pay the required filing fee within 14 days from the date of any Order adopting or affirming this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 12, 2010.

*David A. Baker*
        DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy